Jo Anne MELLINGER, Individually and Jo Anne Mellinger, As Personal Representative for the Estate of Larry Lee Mellinger, Appellant,

v.

Timothy MELLINGER and Connie Mellinger, Respondents.

WD 78727

Missouri Court of Appeals, Western District.

FILED: February 7, 2017

■

Attorneys: Paul K. Hentzen, Lara K. Pabst, Kansas City, for appellant

John P. Ryan, Jr., Monica R. Tanzey, Grandview, MO, and Jonathan Sternberg, Kansas City, MO for respondent

Before Division One: Anothy Rex Gabbert, P.J., and Thomas H. Newton and Alok Ahuja, JJ.

## ORDER

PER CURIAM:

Jo Anne Mellinger, individually and as representative of the estate of her deceased husband Larry Mellinger, filed suit against Timothy and Connie Mellinger in the Circuit Court of Cass County. Timothy[1] was Larry's brother; Connie is Timothy's wife. The lawsuit alleged that Jo Anne, or Larry's estate, held an interest in the business and property of Jack's Tune Up and Alignment, an automobile maintenance shop in Belton which had been operated for more than thirty years by Timothy and Larry. Jo Anne sought a termination of the partnership operating Jack's Tune Up, an accounting of the partnership's financial affairs, rent for the partnership's occupancy of real property in which Jo Anne claimed an interest, and a partition sale of the real property. Timothy and Connie counterclaimed, asserting that Timothy and Larry had an agreement for Timothy's buyout of Larry's interest in Jack's Tune Up on Larry's death, but that Jo Anne had failed to comply with the terms of the buyout agreement.

Following a bench trial, the circuit court found that a buyout agreement existed between Timothy and Larry, and that Timothy had performed his obligations under the agreement. The court's judgment declared that Timothy was now the sole owner of Jack's Tune Up. The court also found that Larry and Jo Anne owned a 50-percent interest, as tenants by the entirety, in the real estate on which Jack's Tune Up operated, and that Jo Anne became the sole owner of that 50-percent interest on Larry's death. The court's judgment awarded Jo Anne monetary compensation for her interest in the real property, and ordered her to execute a quit-claim deed transferring that interest to Timothy and Connie.

Jo Anne appeals. She argues that the judgment is against the weight of the evidence, and misapplies the law. We affirm. Because a published opinion would have no precedential value, we have provided the parties with an unpublished memorandum setting forth the reasons for this order. Rule 84.16(b).

---

1. Because the parties to this appeal share the same surname, we refer to them by their first names in this opinion. No familiarity or disrespect is intended.